UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:11-CR-0195 |
| PETER SEPLING, | (MARIANI, J.) |
| | (MEHALCHICK, M.J.) |
| Defendant | |

**MEMORANDUM**

This matter comes before the Court on Defendant's Motion for Presentence Release. (Doc. 187). Defendant, Peter Sepling, moves this Court for emergency release from custody pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), asserting that (1) it can be inferred that the Government will not be seeking a sentence of imprisonment, and Sepling can prove he is not likely to flee or pose a danger to any other person in the community; (2) there are exceptional reasons under § 3145(c) why his detention is not appropriate; and (3) temporary release is warranted under § 3142(i). (Doc. 187; Doc. 188). The Government opposes this motion. (Doc. 190).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On June 7, 2011, Peter Sepling was charged in an indictment with importation of in excess of 1 kilogram of GBL, in violation of 21 U.S.C. § 952; conspiracy to possess with intent to distribute GBL, in violation of 21 U.S.C. § 846; possession with intent to distribute GBL, in violation of 21 U.S.C. § 841; smuggling goods into the United States, in violation of 18 U.S.C. § 545; and possession with intent to distribute anabolic steroids, in violation of 21 U.S.C. § 841. (Doc. 1). On October 28, 2013, Sepling entered a plea of guilty to the first count of the indictment, importation of in excess of 1 kilogram of GBL, in violation of 21 U.S.C. § 952. (Doc. 123; Doc. 138). On May 28, 2014, Sepling was sentenced to a term of

imprisonment of 102 months, 3 years of supervised release, $3,000.00 fine and $100.00 special assessment. (Doc. 152). On June 4, 2015, Sepling filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 161). The motion was denied on September 25, 2017. (Doc. 175). Sepling appealed the denial, and on November 29, 2019, the Court of Appeals for the Third Circuit vacated Sepling's sentence due to ineffectiveness of counsel and remanded the case to the district court for resentencing. (Doc. 183; Doc. 184); *United States v. Sepling*, 944 F.3d 138 (3d Cir. 2019). A resentencing date has not yet been set. Sepling remains in custody at Federal Correctional Center – Fort Dix.

Counsel for Sepling filed a Notice with the Court on April 3, 2020, indicating that the parties were unable to come to an agreement regarding Sepling's release from detention, and deferring to the Court as to whether a hearing is necessary on the motion. (Doc. 189). The undersigned does not find a hearing to be necessary and will decide this matter based on the parties' submissions.

**II.   DISCUSSION**

    A.    THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[1] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

Pennsylvania to declare a state of emergency.[2] As of the date of this writing, there are 4,258,666 confirmed cases worldwide and 294,190 deaths; in the United States, there are 1,340,098 confirmed cases and 80,695 deaths.[3] Mindful of the incredible magnitude of this situation, and the extreme health risks associated with COVID-19, the Court will address the motion for pretrial release.

B.      CONDITIONS AT FCI – FORT DIX

The Bureau of Prisons has implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facilities, including FCI – Fort Dix, and for the protection of inmates and staff.[4] That action plan includes suspending social visits, contractor visits, volunteer visits, limiting inmate movement, screening of staff and inmates for COVID-19 symptoms, and modifying operations to maximize social distancing. At FCI – Fort Dix, 27 inmates and one staff member have tested positive for COVID-19. Of those 28 individuals, 26 are fully recovered. There have been no deaths from COVID-19 at FCI – Fort Dix.[5]

---

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 14, 2020).

[4] *See* Federal Bureau of Prisons COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last updated March 13, 2020); BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp.

[5] *See* https://www.bop.gov/coronavirus/index.jsp (last visited May 14, 2020).

**III.   ANALYSIS**

Sepling is currently detained pending resentencing pursuant to 18 U.S.C. § 3143(a)(2). He moves for release pursuant to § 3143(a)(2), asserting that it can be inferred that the Government will not be seeking a sentence of imprisonment, and Sepling can prove he is not likely to flee or pose a danger to any other person in the community. This argument fails, as the Government submits that it *will* recommend that a sentence of imprisonment be imposed. (Doc. 190 at 8-9). Sepling also submits that temporary release is warranted under § 3142(i), but this argument fails as well, as § 3142(i) applies to *pretrial* detainees, and not those defendants awaiting sentencing, as Sepling is. Once a defendant has entered a guilty plea, he is awaiting sentencing, and his release or detention is considered under 18 U.S. C. § 3143. *United States v. Hartsell*, 3:19-CR-14(02), 2020 WL 1482175, at *1 (N.D. Ind. Mar. 25, 2020); *United States v. Felix*, 5:19CR711, 2020 WL 1677494, at *2 (N.D. Ohio Apr. 6, 2020) (release pending sentencing is governed by 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions); *United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (§ 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19).

Sepling is detained pending sentencing pursuant 18 U.S.C. § 3143(a)(2), which mandates detention if a defendant is convicted of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801, *et seq*.). Pursuant to § 3143(a)(2), detention is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by

clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

A defendant subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions of release set forth in section 3143(a)(1) [6] may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c). "Exceptional" is something out of the ordinary that distinguishes the defendant's situation from that of other defendants subject to mandatory presentence detention. *United States v. Ortiz*, 1:18-CR-00134, 2020 WL 1904478, at *5 (M.D. Pa. Apr. 17, 2020); citing *United States v. Smith*, 34 F.Supp.3d 541, 553–54 (W.D. Pa. 2014) (internal citations omitted). The defendant carries the burden of establishing why detention is not appropriate. *Smith*, 24 F.Supp.3d at 551-52.

Sepling submits that he should be released because the COVID-19 pandemic is an exceptional reason which renders his detention not appropriate, and that he is vulnerable to severe illness due to his health conditions, which include a history of high blood pressure, heart rhythm problems, and heart failure. (Doc. 188, at 11).

---

[6] Per § 3143(a)(1) a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless [a] judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c)," and if a "judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with § 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

Sepling's risk of exposure to COVID-19 at FCI – Fort Dix is not an exceptional circumstance warranting his release. "As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions.... In the absence of evidence demonstrating a change in circumstances concerning [the defendant's] status as a flight risk and danger to another person or the community, detention pending sentence must be maintained." *United States v. Rollins*, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020). Nothing about Sepling's circumstances has changed to override the presumption of detention under § 3143(a)(2). Nothing about the COVID-19 pandemic reduces the defendant's danger to others. *United States v. Johnson*, 4:17-CR-256-2, 2020 WL 1939588, at *6 (M.D. Pa. Apr. 22, 2020). In considering a motion to continue a self-surrender date in light of the COVID-19 pandemic, the Third Circuit held that "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence," and stating that it is "imperative" that the courts "continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief. *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *3 (3d Cir. April 1, 2020). In the context of reviewing a motion for compassionate release, the Circuit noted "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

Even considering the health issues Sepling raises, which he submits puts him at an increased risk for COVID-19, his assertion of that risk is speculative, and there is nothing in the record before the Court that reflects he is not receiving necessary treatment for his

conditions while at FCI – Fort Dix, or that the facility is not taking steps to mitigate his risk for infection. A defendant should not be entitled to release based solely on generalized COVID-19 fears and speculation. *See United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020) (denying motion for temporary release pursuant to § 3142(i)); *see also Raia*, 2020 WL 1647922, at *2. Sepling fails to establish exceptional circumstances that warrant his release under 18 U.S.C. § 3145(c).

IV. **CONCLUSION**

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Sepling's exposure to the virus while at FCI – Fort Dix , that potential exists anywhere in the community. The Bureau of Prisons has taken steps to minimize infection. With no evidence that prison is not providing appropriate medical care, or is unable to do so, the Court is not persuaded that Sepling should be released pending sentencing. As such, his motion (Doc. 187) is **DENIED**.

An appropriate Order will follow.

**Dated: May 14, 2020**                                    *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States Magistrate Judge**