UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3: CR-11-00195 |
| | : | |
| PETER SEPLING | : | |

### SENTENCING MEMORANDUM

Peter Sepling pleaded guilty to the importation of GBL as an aider and abettor. After pleading guilty and while awaiting sentencing, Sepling was arrested for conspiring to import methylone. The parties agreed to incorporate Sepling's new criminal conduct into the importation of GBL offense. The parties further agreed to calculate the sentencing guidelines without reference to the career offender guidelines. Initially, Sepling was sentenced to 102 months in prison by Judge Caputo after considering the factors under 18 U.S.C. Section 3553(a). That sentence was vacated by the Third Circuit which ruled that Sepling's counsel had been ineffective at sentencing.

This Court ordered a new presentence report to be completed for resentencing purposes. The presentence report (PSR) determined that Sepling has a base offense level of 32 and a criminal history category of

1

V, for an advisory guidelines range of 188-235 months. The PSR notes that Sepling has three prior drug trafficking convictions, and that he committed the instant offense while on supervised release. The probation office also determined that the defendant should not receive credit for acceptance of responsibility due to his conduct while on presentence release.

Sepling has filed a sentencing memorandum raising two objections to the PSR: first that he should have received credit for acceptance of responsibility, and second that he should only be held accountable for 6 kilograms of methylone, instead of 10 kilograms.

Sepling also presents several "options" for this Court at sentencing, depending upon what quantity of methylone is attributable to Sepling and what the guideline conversion rate should be for methylone. Without addressing each specific option, Sepling's arguments would result in one of the following advisory sentencing guidelines ranges: under the 2013 and 2018 guidelines—110-137 months or 151-188 months (assuming the Court does not credit Sepling for acceptance of responsibility).

The government is recommending that this Court impose the

very same sentence that Judge Caputo imposed on Sepling—102 months' imprisonment, based not solely on the suggested guidelines range (whatever it is), but on all of the factors set forth in 18 U.S.C. Section 3553(a).[1]

## The nature and circumstances of the offense

Sepling was involved in a scheme to import GBL, which he sold to others for $30 per ounce. He used false names to order the drug online, and paid others to accept parcels of GBL for him in an effort to avoid detection. He was involved with importing 1.1 kilograms of GBL. He also unlawfully possessed and used anabolic steroids—which were found at his residence. Sepling pleaded guilty to that offense and was released pending sentencing under court supervision. While awaiting sentencing, Sepling joined with others to import 10 kilograms of methylone from China during a seven-month time period. Intercepted parcels and recorded conversations, as well as cooperating witnesses

---

[1] This Court should overrule the defendant's objection to the PSR's conclusion that he not be credited with acceptance of responsibility. After his arrest and guilty plea in this case for drug trafficking, Sepling engaged in still more drug trafficking while awaiting sentencing. He did not, therefore, voluntarily terminate or withdraw from criminal conduct. U.S.S. G. Section 3E1.1 Application Note 1(b).

3

implicated Sepling in the scheme. When agents arrested Sepling, they found 125 grams of methylone at his residence. Sepling in a recorded conversation acknowledged that a package that was intercepted by law enforcement contained 3 kilograms of methylone. A cooperating witness (CW) told agents that the CW and Sepling imported at least 10 kilograms of methylone (in 5 or 6 packages) during the seven-month time period.[2] A CW distributed the methylone for Sepling and the CW and Sepling split the profits from methylone sales. So Sepling, after being caught by federal agents importing and selling GBL, gets released and while he is awaiting sentencing imports and sells with others methylone.

## The history and characteristics of the defendant

Sepling has three prior drug trafficking convictions. In 1999, Sepling was among a group of drug traffickers who obtained anabolic steroids from suppliers in New York and distributed them to

---

[2] This Court should also overrule the defendant's objection to the PSR's conclusion that Sepling was responsible for 10 kilograms of methylone. The PSR includes information that proves this by a preponderance of the evidence.

customers in Scranton/Wilkes-Barre. He was sentenced to 6-23 months in Lackawanna County Prison. A year later, Sepling was charged and subsequently pleaded guilty to Conspiracy to deliver Ecstasy. He was sentenced to 1-2 years' imprisonment in Luzerne County. Less than five years after being paroled for that offense, Sepling was charged in federal court with conspiracy to distribute Ketamine. He was sentenced to 30 months' imprisonment and three years of supervised release. His supervised release was later revoked as a result of the charges in the instant case, and he was sentenced to an additional 12 months and a day. This offense involving GBL and methylone trafficking and steroid use is his fourth felony drug trafficking conviction. He has committed crimes while on bail and committed crimes while on supervised release.

The three most important factors under Section 3553(a) in this case are the need for the sentence to provide deterrence, to protect the public, and to promote respect for the law.

--A sentence of 102 months would send the right message to others that making a career out of drug trafficking will result in significant and ever-increasing punishment.

--A sentence of 102 months would protect the public from further crimes by this defendant. The past is the best predictor of the future—Sepling has been trafficking illegal drugs since 1999. He sold drugs while on bail and while on supervised release.

--A sentence of 102 months will promote respect for the law. Sepling's prior sentences of 6-23 months, 1-2 years, and 30 months did not impress him as to the need to respect the law. The fact that he continued to traffic in illegal drugs while on bail awaiting sentencing in federal court speaks volumes as to his lack of respect for the law.

Finally, a sentence of 102 months is a just sentence—it is just punishment for a four-time illegal drug trafficker.

                                        Respectfully submitted,

                                        /s/Francis P. Sempa

                                        _____

                                        FRANCIS P. SEMPA
                                        Assistant United States Attorney
                                        ID No. 47264
                                        P.O. Box 309
                                        Scranton, PA 18501-0309
                                        (570) 348-2800 (telephone)
                                        (570) 348-2830 (facsimile)
                                        fran.sempa@usdoj.gov

Date: September 10, 2020

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 10, 2020, she served a copy of the attached:

## SENTENCING MEMORANDUM

by ECF:

Brandon Reish, Esquire

       /s/Luann Manning
       LUANN MANNING
       Supervisory Legal Assistant